## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LEONARD F. LOCKE, #32910-045,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-01060-JPG** |
| | ) | |
| **USA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Petitioner Leonard F. Locke filed a self-styled "Motion Under 28 U.S.C. § 1651" in this District on August 26, 2021. (Doc. 1). Locke is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). In the motion, Locke alleges that he was subjected to an unlawful traffic stop, search, and arrest. (*Id*. at 1-21). Due to the ineffective assistance of his counsel, Locke pleaded guilty to criminal charges arising from the incident.[1] He now challenges his criminal conviction and sentence on numerous constitutional grounds under the All Writs Act. *See* 28 U.S.C. § 1651. Locke seeks release from custody. (*Id*.).

This matter was opened as a mandamus action and, as such, is subject to preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a petition that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

---

[1] Although the allegations are far from clear, Locke appears to challenge his conviction for selling, distributing, or dispensing a controlled substance that resulted in a 96-month sentence in *United States v. Locke*, No. 17-cr-00372-BP-1 (W.D. Mo. filed Dec. 6, 2017).

allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As an initial matter, the Court must evaluate the substance of Locke's claim to determine whether he has invoked the correct statute when bringing this action pursuant to 28 U.S.C. § 1651. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought to see if correct statute is being invoked). The All Writs Act authorizes the United States Supreme Court and all courts established by an Act of Congress to issue all writs necessary or appropriate in aid of their respective jurisdictions. 28 U.S.C. § 1651; *In re Campbell*, 264 F.3d 730 (7th Cir. 2001) (citing *In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998) (per curiam); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973) (per curiam)). However, these courts possess no general power to issue writs, and the Act does not enlarge the Court's jurisdiction. *In re Campbell*, 264 F.3d 730 (7th Cir. 2001) (citing FED. R. CIV. P. 81(b); *Clinton v. Goldsmith*, 526 U.S. 529, 535 (1999); *United States v. Tablie*, 166 F.3d 505 (2d 1999) (per curiam)).

The Mandamus Act, 28 U.S.C. § 1361, vests the Court with jurisdiction to issue writs of mandamus. Section 1361 establishes jurisdiction for a federal court to compel a federal official or agency to perform a duty that is owed to the petitioner. *See* 28 U.S.C. § 1361. Three elements must be met to issue a writ: (1) a petitioner's clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the act in question; and (3) no other adequate remedy at law. *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987). Because a writ of mandamus is considered an extraordinary remedy, a court will deny a petition if any of these three elements are missing. *See Ahmed v. Dept. of Homeland Security*, 328 F.3d 383, 387 (7th Cir.

2003); *Banks v. Secretary of Indiana Family and Soc. Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993).

Locke did not mention the Mandamus Act in his motion, and he has not established any of the elements necessary to support a writ of mandamus. He points to no clear right to relief, no duty on the part of any federal official to do the act in question, and no inadequate remedy at law. Locke's challenge to his conviction and sentence does not call for the type of extraordinary relief available under Sections 1361 and 1651.

Locke explicitly seeks release from custody. A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). However, a person challenging his federal conviction should first bring a motion to vacate, set aside, or correct sentence before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. A § 2255 motion is normally the exclusive means for a federal prisoner to launch a collateral attack. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Where § 2255 proves to be inadequate or ineffective to test the legality of his detention, a federal inmate may turn to § 2241 under some circumstances. *See* 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). However, a § 2241 petition filed by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991); *Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (prisoner challenging federal conviction and sentence should proceed under 28 U.S.C. § 2255).

Because Locke filed the instant motion to challenge the validity of his federal conviction and sentence, the motion is, in substance, a collateral attack.  This is true, regardless of the title of the motion.  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls."  *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005).  Locke is collaterally attacking his conviction and sentence.

He should bring his collateral attack in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the federal court that entered judgment against him—the United States District Court for the Western District of Missouri.  Because this Court did not enter judgment against Locke in his criminal case, it lacks jurisdiction to address the merits of the motion under § 2255.  If he instead wishes to request relief under § 2241, Locke may do so by filing a habeas petition in the federal judicial district where he is confined (*i.e.*, currently the Southern District of Illinois).  Regardless, relief is not available to Locke under 28 U.S.C. §§ 1361 and 1651, so this case shall be closed.

## Disposition

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 1651 (Doc. 1) is **DISMISSED** without prejudice, and this action is terminated.  Locke is **ADVISED** that the dismissal does <u>not</u> count as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g).  This dismissal does not preclude Locke from challenging his criminal conviction and sentence in a direct appeal of his underlying criminal case, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the court of conviction, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement, or otherwise.

4

The Clerk's Office is **DIRECTED** to send Locke a blank Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 and Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

This case was opened without payment of a filing and docketing fee or a motion for leave to proceed *in forma pauperis* without prepayment of the fee.  However, Locke is **ADVISED** that his obligation to pay the filing and docketing fee for this action was incurred at the time he filed his Motion Under 28 U.S.C. § 1651, and the obligation survives dismissal of the action.  Thus, the filing fee of $5.00[2] remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Locke wishes to appeal this Order, he may file a notice of appeal with this Court within sixty days of the entry of judgment.  FED. R. APP. 4(a)(1)(B).  If he does choose to appeal, Locke will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  He must list each of the issues he intends to appeal in the notice of appeal.  Moreover, if the appeal is found to be nonmeritorious, Locke may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

---

[2] The filing and docketing fee for a mandamus action is $402.00, while the filing fee for a habeas action is only $5.00.  Because Locke filed the motion under the All Writs Act, it is unclear what type of action he intended to bring and, consequently, what fee he should pay.  Due to this uncertainty, the Court will only assess a $5.00 filing fee for this action.

**IT IS SO ORDERED.**

**DATED: 8/31/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**